United States District Court
Southern District of Texas
**ENTERED**
April 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIRMARCUS DESHANE SCOTT TRUST, BY AND THROUGH TRUSTEE, DIRMARCUS DESHANE SCOTT, *Plaintiff,* | § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:25-CV-01857 |
| LOANDEPOT.COM, LLC, ET AL., *Defendants*. | § § § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant's Motion for Summary Judgment and Motion to Expunge Notice of Lis Pendens (ECF 98) and Plaintiff's Response (102).[1] Having considered the parties' submissions and the law, the Court RECOMMENDS Defendants' Motion be GRANTED.

### I.      Background

Dirmarcus Scott, individually, executed a Note on or about April 26, 2023 in the amount of $245,000.00 secured by a Deed of Trust on property located at 424 Bright Lantana Drive, Katy, Texas, 77493 (Property).  ECF 98 at 19-58 (collectively the "Loan Documents").  Mortgage Electronic Registration Systems, Inc. (MERS)

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 12.

assigned the Deed of Trust to LoanDepot.com, LLC (LoanDepot), which is the current owner and holder of the Note and Deed of Trust.[2] *Id.* at 16.  Scott defaulted on the Note.  *Id.*

Plaintiff Dimarcus Deshane Scott Trust (the Trust) brought an action to quiet title in state court on March 4, 2025, seeking a declaration that the Trust is the sole owner of the Property, an order canceling Defendants' claims or liens, and an injunction against any attempt to collect on the loan or foreclosure on the Property. ECF 1 at 16-18.  The Trust claims ownership pursuant to a Quitclaim Deed executed on January 7, 2025 by Scott and recorded in Waller Country purporting to transfer all of Scott's interest in the Property to the Trust.  ECF 98 at 61.  Scott, on behalf of the Trust, also filed multiple other documents with the Waller County Clerk, including a Notice of Lis Pendens regarding the existence of this litigation. ECF 1 at 21-24.

LoanDepot, with MERS consent, timely removed the case to federal court.[3] ECF 1.  On July 22, 2025, Defendant LoanDepot filed an Amended Answer and Counterclaim.  ECF 56.  The Counterclaim seeks a Declaratory Judgment that LoanDepot, as the beneficiary under the Deed of Trust, has a superior perfected lien

---

[2] Having assigned all interest in the Property to LoanDepot, MERS has no interest in the Property and is not a proper Defendant.  Thus, claims against MERS should be dismissed.
[3] The Court dismissed Plaintiff's claims against named Defendant Empower Title LLC without prejudice because it was never served and was improperly joined to defeat diversity.  ECF 77 (adopted by ECF 91).

on the Property, has authority to enforce its lien by conducting a non-judicial foreclosure, and that Scott is in default under the Loan Documents. *Id.* LoanDepot and MERS now move for summary judgment on all Plaintiff's claims and for expungement of the Lis Pendens. ECF 98. LoanDepot has not moved for summary judgment on its Counterclaim.[4]

## II.     Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to

---

[4] The Court presumes that LoanDepot has not moved for summary judgment on its Counterclaim seeking a declaration of default and authorization for nonjudicial foreclosure because the borrower, Dimarcus Scott individually, is not a party to this lawsuit.

interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

### III.    Analysis

Defendants Loan Depot and MERS move for summary on grounds that LoanDepot holds the superior lien on the Property; the Trust has no viable claim to quiet title because it took whatever interest it holds subject to LoanDepot's lien; the Trust is not a signatory to the Loan Documents and cannot unilaterally modify the loan terms; and, despite voluminous filings in Waller County Deed Records and this Court, the record contains no evidence demonstrating the loan has been paid and the

4

lien extinguished.  ECF 98.  Plaintiff counters that Defendants have not established a superior interest in the Property as a matter of law.  ECF 102.

### A.    Texas law governs this action.

The parties agree that Texas law governs this action.  *See* ECF 98 at 6; ECF 102 at 2.  Plaintiff has framed its claim as an action to quiet title.  ECF 1 at 16-18. The elements of an action to quiet title under Texas law are: (1) the plaintiff has an interest in a specific property; (2) title to the property is affected by the defendant's claim; and (3) the defendant's claim, although facially valid, is invalid or unenforceable.  *Browder v. Bryan-Coll. Station Habitat for Human., Inc*., No. 13-24-00026-CV, 2025 WL 3896239, at \*5 (Tex. App.—Corpus Christi-Edinburg Dec. 11, 2025, n.p.h.) (citation omitted); *Roberson v. Odom*, 529 S.W.3d 498, 502 (Tex. App.—Texarkana 2017, no pet.) (citations omitted).

The exclusive method to resolve a title dispute under Texas law is through a trespass-to-try-title action under Texas Property Code § 22.01(a).  *Brumley v. McDuff*, 616 S.W.3d 826, 832 (Tex. 2021).  To succeed in a trespass-to-try-title action and prove legal title, a plaintiff must establish:  "(1) a regular chain of title of conveyances from the sovereign to the plaintiff; (2) a superior title to that of the defendant out of a common source; (3) title by limitations (i.e., adverse possession); or (4) possession that has not been abandoned."  *Id.*

Plaintiff's suit seeking a declaration that it is the sole owner of the Property is properly a trespass-to-try-title action, not a quiet title action.  Regardless, both causes of action require a plaintiff to prove it has an interest in the property.  *Brumley*, 616 S.W.3d at 832; *Browder*, 2025 WL 3896239, at *5.  A trespass-to-try-title action requires the Plaintiff to prove his title is *superior* to that of LoanDepot.  *Ayala v. Zak Cap., LLC*, No. 02-25-00157-CV, 2025 WL 2423504, at *3 (Tex. App. Aug. 21, 2025) ("To recover in a trespass-to-try-title action, the plaintiff must prevail on the strength of his own title and not on the weakness of his adversary's title," citing *Bacon v. Jordan*, 763 S.W.2d 395, 396 (Tex. 1988)).  A quiet title action requires Plaintiff to prove that LoanDepot's lien is *invalid*.  *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied) ("A suit to quiet title relies on the invalidity of the defendant's claim to the property.").

**B.    The record establishes as a matter of law that LoanDepot holds a superior lien on the Property.**

The Deed of Trust held by LoanDepot was filed in the Waller County Deed Records on May 1, 2023. ECF 98 at 28.  The Quitclaim Deed through which the Trust claims an interest in the Property was filed on January 7, 2025.  ECF 98 at 60. Recorded instruments in a chain of title create "an irrebuttable presumption of notice." *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007); TEX. PROP. CODE § 13.002.  The Texas Supreme Court has stressed "that the duty of diligence sometimes includes the duty to monitor public records; [and] that public

6

records can constitute constructive notice and therefore create an irrebuttable presumption of actual notice." *Cosgrove v. Cade*, 468 S.W.3d 32, 38 (Tex. 2015) (citations omitted). Thus, Plaintiff had notice of LoanDepot's prior lien and took the Property subject to that lien. *See Matter of Hamilton*, 125 F.3d 292, 299 (5th Cir. 1997) (quoting *Smith v. Morris & Co.*, 694 S.W.2d 37 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.) for the proposition that "where a deed of trust was on record, a purchaser of land is chargeable with notice of the deed of trust and takes title subject to the rights of the mortgagee under the deed of trust."). Plaintiff's claim is properly construed as a trespass-to-try-title action and Plaintiff has not created a genuine issue of material fact as to the superiority of its lien interest. Therefore, LoanDepot is entitled to summary judgment.

**C.   The record establishes as a matter of law that LoanDepot's lien is valid.**

Even construing Plaintiff's claim as an action to quiet title, the claim fails because Plaintiff has presented no evidence demonstrating LoanDepot's lien is invalid. Plaintiff argues that, as a matter of law, LoanDepot has not proven its interest in the Property, but that argument improperly assigns LoanDepot the burden of proof. It is *Plaintiff's* burden, in response to LoanDepot's Motion for Summary Judgment, to present evidence sufficient to create genuine issue of material fact on all elements of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In

addition to Plaintiff's failure to meet its burden to show the lien is invalid, the evidence establishes that LoanDepot's lien is in fact valid.

Plaintiff relies on an Abstractor's Certificate dated September 17, 2025. ECF 102 at 3 (referencing ECF 85-1). Plaintiff has not shown its multiple filings in Waller County Deed Records (*see* 85-1 at 3-4) have any legal effect on LoanDepot's lien. In fact, the Abstractor's Certificate confirms that the only existing lien on the Property is the April 26, 2023 Deed of Trust which was recorded on May 1, 2023 and is currently held by LoanDepot pursuant to an April 21, 2025 recorded assignment. *Id*. at 4. The Abstractor's Certificate also confirms that "**NO RELEASE [WAS] FOUND OF RECORD FOR THE ABOVE LIEN.**" ECF 85-1 at 4 (emphasis in original). Because Plaintff has presented no evidence of the invalidity of LoanDepot's lien, LoanDepot is entitled to summary judgment on Plaintiff's quiet title claim.

**D.    The Loan remains in default.**

In addition to declaration that it is the sole owner of the Property, Plaintiff seeks a declaration that Defendants have no right to attempt collection or foreclosure on the Property. The Loan Documents expressly provide as follows:

> **NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.**

ECF 98 at 19, 28. Scott, individually, is the signatory on the Loan Documents. *Id.* at 22, 26, 51. There is no evidence the loan has been assumed by the Trust. Therefore, the Trust, the only Plaintiff in this action, has no standing to challenge LoanDepot's right to foreclose. The Loan remains in default and neither Scott nor the Trust has made any attempt to cure the default. Therefore, Plaintiff's request for declaratory relief regarding LoanDepot's right to foreclose must be dismissed.

### D.    The Lis Pendens must be expunged.

Citing *Long Beach Mortg. Co. v. Evans*, 284 S.W.3d 406, 410 (Tex. App.—Dallas 2009, pet ), Plaintiff argues that the Lis Pendens cannot be expunged because there are unresolved disputes "regarding title and authority." ECF 102 at 5. In *Long Beach,* the court denied the relief of expunction because the record established as a matter of law that the filer of the lis pendens held the superior title. 284 S.W.3d at 415 (holding "the record establishes that Evans's lis pendens was recorded prior to the effective date of Long Beach's security instrument. Long Beach's lien claim is, therefore, subordinate to Evans's lis pendens as a matter of law."). As discussed above, the record establishes as a matter of law that LoanDepot's lien on the Property is both valid and superior to Plaintiff's interest. Therefore, the Lis Pendens must be expunged.

9

## IV.    Conclusion and Recommendation

For the reasons stated above, the Court RECOMMENDS that Defendants' Motion for Summary Judgment be GRANTED.  The Court further RECOMMENDS that all claims against Defendants asserted in this case be DISMISSED WITH PREJUDICE and the Notice of Lis Pendens regarding this dispute filed in the Waller County Deed Records on January 7, 2025 be expunged.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 05, 2026, at Houston, Texas.

_____
Christina A. Bryan
United States Magistrate Judge

10